**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RONALD GRAHAM,**

                **Petitioner,**

      **v.**                                   **CASE NO. 06-3177-SAC**

**DAVE MCKUNE, et al.,**

                **Respondents.**

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional error in his conviction in criminal case 86-CR-717 in Geary County District Court in Junction City, Kansas. Petitioner filed an earlier § 2254 petition concerning this same state conviction, which the court reviewed on the merits and denied.[1] Thereafter, petitioner filed another § 2254 petition which the court transferred to the Tenth Circuit Court of Appeals.[2] *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court). No authorization issued from the circuit court.

Following the revocation of his probation in 1999 and the denial of relief in the state courts, petitioner again seeks relief

---

[1] *See* Graham v. Hannigan, Case No. 94-3215-DES (petition denied January 11, 1995), *affirmed* (10th Cir. Appeal No. 95-3204, June 14, 1995).

[2] *See* Graham v. Tyson, Case No. 99-3156-SAC (transferred to 10th Cir. August 16, 2001), petition for leave to file second or successive petitioner denied (November 21, 2001).

under § 2254 on his allegations of ineffective assistance of counsel in Geary County Case 86-CR-717. As in petitioner's second habeas application, the court finds the claims embodied in the instant action concern allegations of error in petitioner's criminal trial, and concludes this matter should be transferred to the Tenth Circuit Court of Appeals for the authorization required under 28 U.S.C. § 2244(b)(3) for this court's consideration of petitioner's habeas application. *See* Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)("when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631").

IT IS THEREFORE ORDERED that the petition is transferred to the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

DATED: This 11th day of July 2006 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2