IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD GRAHAM,

                    Petitioner,

vs.                                                        Case No. 06-3177-JTM

DAVE McKUNE, et al.,

                    Respondents.

MEMORANDUM AND ORDER

This matter is before the court on the motion for writ of habeas corpus filed by Ronald
Graham.  In 1987, Ronald Graham was tried and convicted in Geary County, Kansas, of possession
of methamphetamine, K.S.A.1987 Supp. 65-4127b(b)(2); possession of marijuana, K.S.A.1987
Supp. 65-4127b(a)(3); and possession of cocaine, K.S.A. 65-4127a.  Evidence of Graham's two prior
narcotics convictions, a 1983 Kansas and a 1985 Arkansas conviction, was admitted during the trial
under K.S.A. 60-455. Because of the two prior felonies, Graham's sentence was statutorily enhanced
to life imprisonment. K.S.A. 65-4127a.  His convictions were affirmed in *State v. Graham*, 244 Kan.
194, 768 P.2d 259 (1989). Graham's sentence was later commuted to 15 years to life by Kansas
Governor Joan Finney. Graham has served 10 years in prison.

Graham initially commenced habeas corpus actions in both Arkansas and Kansas.  The
Arkansas habeas corpus petition was denied because Graham was not in custody there.  The Kansas
habeas corpus petition was denied, the court holding that the admissibility of the evidence had not

yet been addressed in the Kansas state courts.  Graham then filed an action for relief under K.S.A. 60-1507.  In the 60-1507 petition, Graham complained that he had been precluded from testifying at pretrial hearings on the admissibility of the two prior convictions, and that his counsel had failed to investigate the Arkansas conviction.

On November 22, 1991, the Tenth Circuit Court of Appeals in an unpublished decision held that Graham was not entitled to the relief sought, holding that Graham had failed to support his evidentiary claims as to the Arkansas conviction.  The court particularly stressed Graham's failure to call his former attorney to testify, even after subpoenaing counsel for the evidentiary hearing.

Graham filed a second action for relief under K.S.A. 60-1507 on January 26, 1996.  Again, Graham complained that he had received ineffective assistance of counsel when his attorney did not, among other things, prevent the introduction of evidence relating to the Arkansas conviction.  He also contended that counsel was ineffective in raising the voluntariness of a statement used against him in rebuttal.  In this proceeding, both Graham and his trial counsel testified. The Kansas district court found Graham's testimony was credible, and held that counsel had erred in failing to challenge the validity of the Arkansas decision and thus received ineffective assistance of counsel. The court vacated the conviction and ordered a retrial.

However, on appeal the Kansas Supreme Court reversed this decision, holding that Graham had failed to meet the standards set forth in *Washington v. Strickland*, 466 U.S. 668, 689 (1984).

The court first concluded that it was not error to have permitted introduction of Graham's statement to Officer Farrow that "as many times as Officer Nixon had tried to catch him with drugs, sooner or later Nixon was bound to get lucky."  263 Kan. at 755.  The court held that although

Graham's comment had been made without a prior Miranda warning, its introduction was proper

rebuttal testimony, and stressed its earlier ruling on the issue:

> Graham spoke freely to Farrow and at no time indicated an unwillingness to continue
> the conversation. There was no evidence to indicate Graham's statement to Farrow
> was coerced or elicited by deception. Since there was no evidence that the statement
> concerning Officer Nixon catching defendant with drugs was involuntary or coerced,
> the Graham court concluded the trial court did not abuse its discretion by allowing
> the statement to be used as rebuttal. 244 Kan. at 204, 768 P.2d 259. Therefore, the
> district judge's conclusion regarding Officer Farrow's testimony is incorrect. The
> officer's testimony was proper rebuttal testimony.

263 Kan. at 756.

The court next agreed that counsel had been ineffective in failing to seek to exclude evidence

about the Arkansas charge.  However, the court held that the introduction of the Arkansas evidence

was not a violation of Graham's right to a fair trial because it was cumulative to evidence showing

a prior Kansas conviction.  However, the court held that the evidence could have been prejudicial

as to sentencing:

> We note that the admission of a prior criminal conviction which is constitutionally
> infirm under the standards of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9
> L.Ed.2d 799 (1963), is inherently prejudicial and to permit use of such a tainted prior
> conviction for sentence enhancement would undermine the principle of *Gideon. State
> v. Delacruz*, 258 Kan. 129, Syl. ¶ 4, 899 P.2d 1042 (1995).
>     If the Arkansas conviction had been excluded, Graham's conviction would
> have been reduced to a Class B felony, K.S.A. 65-4127a (Ensley), and the trial judge
> would have had the discretion to impose a sentence shorter than the 15 years to life
> sentence which Graham received. We therefore reverse the district court's decision
> granting Graham a new trial and remand the case to the district court to determine
> whether admission of Graham's prior Arkansas conviction was improperly considered
> to enhance Graham's sentence.

*Id.* at 757-58.

Graham had then served 10 years of his original sentence; he was then re-sentenced for

possession of cocaine, a class B felony. For a class B felony committed in 1989, Kansas law

3

provided for a minimum term of 5 to 15 years, and a maximum of 20 years to life.  K.S.A. 21-4501(b). The district judge imposed a 15-year to life sentence. However, on May 4, 1998, the court also suspended imposition of the sentence and placed Graham on a one-year term of supervised probation.  But the court later revoked the probation, after finding that Graham had violated its terms, having twice tested positive for narcotics and having been arrested for possession of controlled substances. The district court's decision was affirmed in *State v. Graham*, 272 Kan. 2, 30 P.3d 310 (2001).  Graham was convicted in another criminal drug case, 99 CR 191, during his time on probation.

Graham filed (on September 18, 2002 and on January 15, 2004) two subsequent motions under K.S.A. 60-1507.  The court consolidated both motions and ultimately denied relief.  (Kansas Ct. App. Case No. 94,007, Slip op at 2-6).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), Graham must show that the decisions of the Kansas courts were an unreasonable determination of the facts or reflect conclusions contrary to clearly established Federal law.  Graham has failed to meet this standard.  The record demonstrates that Graham was sentenced in a manner and to a degree consistent with state law.  *Cf. Aycox v. Lytle*, 196 F.3d 1174, 1179-1180 (10th Cir. 1999) (state sentence is actionable if imposed contrary to state law).  In addition, the court notes that Graham did not present to either the Kansas Supreme Court or the Kansas Court of Appeals any contention that the latest sentence imposed against him was constitutionally infirm. Rather, his argument was merely that the sentence imposed was erroneous under state law.  The court finds no basis or justification for any evidentiary hearing in light of the purely legal nature of the issues involved.

4

Here, the court finds nothing in the most recent sentence imposed by the Kansas courts which would contradict any constitutional right as articulated by the United States Supreme Court. Graham was sentenced prior to the state's adoption of sentencing guidelines. The statute governing the sentence which could be imposed (K.S.A. 21-4606) provided:

(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the crime.

(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

Graham's first sentence was substantially cut back through the intercession of the state executive and then subsequent court rulings. Ultimately, in 1998, Graham was in fact placed on probation, and was re-incarcerated only after subsequently violating the terms of his probation.

In reaching this conclusion, the court explicitly noted that continued probation appeared insufficient as a guarantor of Graham's behavior, since ten years imprisonment and the existence of

5

an additional lengthy sentence had failed to rehabilitate him. (R. PRD2, 36). Further, the court specifically found that Graham was not physically dependent on drugs, so that placement on a drug program or treatment program would not be of any substantial value. (R. PRD, 37-38). The court noted that Graham's original sentence had taken into account a number of the relevant factors, and that as a result the sentence to be imposed should not be any greater or lesser than that sentence. (R. PRD, 38). As the Kansas Supreme Court noted in its last ruling, the sentencing judge included by reference the factors considered during the original sentencing. *State v. Graham*, 272 Kan. 2, 10, 30 P.3d 310 (2001). Graham's sentence is not the product of the prior Arkansas conviction, but his repeated use of narcotics while on probation, his failure to rehabilitate, and the danger he posed to himself and to society.

The court finds that Graham has failed to demonstrate that the sentence was imposed in violation of any rights guaranteed by the United States Constitution. .Graham has failed to demonstrate any clearly established Supreme Court precedent contravened by the decision of the Kansas courts to impose current sentence. *See Aycox*, 196 F.3d at 1180. Accordingly, his argument is without merit and will be denied.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007 that the petitioner's request for habeas corpus relief (Dkt. No. 1) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
